# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1274

_____

| | | |
|---|---|---|
| Kenneth Harold Swipies, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Frank Kofka, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 17, 2003

Filed: November 3, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Woodbury County Deputy Sheriff Frank Kofka appeals the district court's[1] denial of his motion for summary judgment asserting qualified immunity in Kenneth Swipies's civil rights action. We affirm.

In July 2000, Mr. Swipies was having a two-week court ordered visitation with his twelve-year-old daughter, Kendra. Deputy Kofka drove past James Stark's

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

residence and observed Kendra, Mr. Swipies's wife Tina, and Mr. Stark sitting on the front porch. Deputy Kofka became concerned for Kendra's safety because he knew that Mr. Stark was then charged with sexually abusing a fourteen-year-old female, and he believed that Mrs. Swipies had serious mental and substance-abuse problems which rendered her unable to provide adequate supervision. After discussing the situation with the Woodbury County Attorney's Office, Deputy Kofka returned to Mr. Stark's residence, but no one was there. Deputy Kofka then went to the home of Mr. Swipies, who was present with his wife and daughter. The officer removed Kendra and returned her to her mother's custody.

Mr. Swipies filed this 42 U.S.C. § 1983 lawsuit claiming constitutional and statutory violations. Deputy Kofka moved for summary judgment on the basis of qualified immunity, arguing that the emergency removal was necessary because Kendra was in imminent danger of being abused. Determining that the emergency removal was not objectively reasonable, the district court denied Deputy Kofka's motion.

An officer is entitled to qualified immunity unless his conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). We review the denial of a summary judgment motion claiming qualified immunity only to the extent the denial turns on an issue of law. See Behrens v. Pelletier, 516 U.S. 299, 306 (1996); Wilson v. Lawrence County, 260 F.3d 946, 951 (8th Cir. 2001) (appeals court has jurisdiction to review only whether plaintiff stated valid constitutional claim and whether claim was clearly established at time of alleged violation); Gregoire v. Class, 236 F.3d 413, 416-17 (8th Cir. 2000) (de novo standard of review). The sequence of our analysis is to ask first whether, taken in the light most favorable to the plaintiff, the facts alleged show the officer's conduct violated a constitutional right; and second, whether, in the specific context of the case, the right was clearly established. See Saucier v. Katz, 533 U.S. 194, 200-01 (2001) (excessive-force case). The dispositive inquiry in deciding "whether a right is clearly established is whether it

would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202. We have previously noted that in section 1983 actions involving interference with the right to familial integrity, "it is nearly impossible to separate the constitutional violation analysis from the clearly established analysis." See Manzano v. South Dakota Dep't of Soc. Servs., 60 F.3d 505, 511 (8th Cir. 1995); see also Saucier, 533 U.S. at 201 (in "determining whether a constitutional right was violated on the premises alleged, a court might find it necessary to set forth principles which will become the basis for a holding that a right is clearly established").

Parents have a liberty interest in the care, custody, and management of their children. See Manzano, 60 F.3d at 509. This interest can be limited by the state's compelling interest in protecting a child: "the parental liberty interest in keeping the family unit intact is not a clearly established right in the context of reasonable suspicion that parents may be abusing children." See Myers v. Morris, 810 F.2d 1437, 1462 (8th Cir.), cert. denied, 484 U.S. 828 (1987). "[W]hen a state official pursuing a child abuse investigation takes an action which would otherwise unconstitutionally disrupt familial integrity, he or she is entitled to qualified immunity, if such action is properly founded upon a reasonable suspicion of child abuse." Manzano, 60 F.3d at 510-11. Viewing the facts here in the light most favorable to Mr. Swipies, and noting the inconsistencies among Deputy Kofka's statements in the summary judgment record, we conclude that Mr. Swipies retained the right not to be separated from his child in the face of Deputy Kofka's suspicion that Mr. Stark might abuse Kendra. We further conclude that it would have been clear to a reasonable officer that removing Kendra in those circumstances would violate Mr. Swipies's parental liberty interest. Thus, the district court properly denied summary judgment. See Gregoire, 236 F.3d at 416-17 (denial of summary judgment should be upheld if "there is a genuine dispute concerning predicate facts material to the qualified immunity issue").

Accordingly, we affirm. We also deny Mr. Swipies's pending motion to strike and for sanctions.

WOLLMAN, Circuit Judge, dissenting.

_____